

# In the
# Missouri Court of Appeals
## Western District

IN THE INTEREST OF M.C., JUVENILE;  )
JUVENILE OFFICER,                  )
                                   )
      Respondent,              )      **WD87534**
                                   )
v.                                 )      **OPINION FILED:**
                                   )      **JUNE 24, 2025**
J.C.,                              )
                                   )
      Appellant.               )

**Appeal from the Circuit Court of Boone County, Missouri**
The Honorable Tracy Zerman Gonzalez, Judge

Before Division Two:  Cynthia L. Martin, Presiding Judge, Gary D. Witt, Judge and W. Douglas Thomson, Judge

J.C. appeals from a judgment terminating his parental rights with respect to J.C.'s daughter.  Because J.C.'s appeal does not challenge every statutory basis relied on by the trial court to terminate J.C.'s parental rights, we affirm the judgment as modified.

## Factual and Procedural Background

M.C. is a minor child who was born in 2018 ("Child").  Child's biological mother is B.C ("Mother"), and her biological father is J.C.

On May 8, 2021, law enforcement was called to the home where Child resided with her parents in response to a domestic disturbance call.  A pipe commonly used to smoke methamphetamine was found in plain view approximately five feet from where

Child was sleeping. Mother was arrested on a drug-related charge and for child endangerment. J.C. was arrested for domestic assault because of an alleged altercation with Mother at the residence. Child was removed from the home and was placed in the temporary custody and supervision of the Children's Division for appropriate placement ahead of a protective custody hearing.[1]

The trial court held a protective custody hearing on June 9, 2021, and entered an order finding Child to be in need of care and treatment pursuant to section 211.031.1(1).[2] Child was made a ward of the court in the custody and supervision of the Children's Division for appropriate placement.

Over the next few months, the trial court held additional dispositional review hearings and issued orders that found placement of Child with J.C. remained contrary to Child's welfare. A permanency hearing was held in March 2022. The trial court entered an order that found reunification of Child with J.C. remained the goal.

On March 2, 2023, the trial court held another permanency hearing. The trial court entered an order finding that the permanency plan for Child is adoption.

On September 14, 2023, the Juvenile Officer filed a petition for termination of J.C.'s parental rights. The petition alleged three statutory bases for terminating J.C.'s parental rights to Child: (1) pursuant to section 211.447.5(3), Child has been under the

---

[1]Mother later voluntarily consented to the termination of her parental rights over Child. Mother is not a party to this appeal.

[2]All references to section 211.031 are to RSMo 2016 as amended through June 9, 2021, unless otherwise indicated. All other statutory references are to RSMo 2016 as amended through the date the trial court terminated J.C.'s parental rights as to Child.

jurisdiction of the trial court for at least one year, J.C. has failed to rectify the conditions that led to the assumption of jurisdiction, and there is little likelihood that the conditions could be remedied in the near future; (2) pursuant to section 211.447.5(2), Child has been abused or neglected; and (3) pursuant to section 211.447.5(5), J.C. is unfit to be a party to the parent-child relationship.[3]  The petition further alleged that terminating J.C.'s parental rights is in Child's best interests.

Following a bench trial on June 14, 2024, the trial court entered Findings of Fact, Conclusions of Law and Final Judgment Terminating Parental Rights on August 21, 2024 ("Judgment").  The Judgment found it to be in Child's best interests to terminate J.C.'s parental rights, and found that the statutory grounds to do so alleged in the petition had been established by the evidence.

The evidence, viewed in the light most favorable to the Judgment,[4] and the trial court's related findings are as follows:

As of May 8, 2021, when jurisdiction over Child was assumed, J.C. had a significant criminal history, including convictions for assault, unlawful use of a weapon, animal abuse, driving without a license, resisting arrest, possession of marijuana, unlawful transport of firearms, domestic assault, stealing, possession of an imitation drug,

---

[3]The petition miscited section 211.447.5(6) as the statutory ground for termination on the basis of J.C.'s unfitness to be a party to the parent-child relationship.  Because the petition clearly pleads J.C.'s unfitness to be a party to the parent-child relationship, we conclude that the Juvenile Officer intended to cite section 211.447.5(5), and that the reference to section 211.447.5(6) was a scrivener's error.  Our conclusion is reinforced by the fact that when the petition was filed, there was no section 211.447.5(6).

[4]We view the evidence in the light most favorable to the trial court's Judgment.  *In Interest of Q.A.H.*, 426 S.W.3d 7, 12 (Mo. banc 2014).

and theft of a firearm. After Child came into care, J.C.'s criminal behavior continued. In June 2022, J.C. was charged with stealing and pleaded guilty. He was sentenced to four years' incarceration but was released, subject to five years' supervised probation. In February 2023, J.C. was charged with felony possession of a controlled substance. He was sentenced to four years' incarceration, but his sentence was suspended subject to five years' supervised probation. In June 2023, J.C. was charged with burglary in the first degree, domestic assault in the second degree, and kidnapping in the third degree after he broke into Mother's home and grabbed her by the throat. In July 2023, J.C. was charged with felony resisting arrest and pleaded guilty in February 2024. He was sentenced to five years' incarceration and was recommended for a 120-day program. J.C. was released from incarceration in June 2024 but was placed on five years' supervised probation.

J.C. admitted to using methamphetamine. Since May 2021, J.C. has not addressed his dependency on substances and actively uses narcotics when he is not incarcerated. J.C. failed to comply with all conditions in his social service plan, including those related to his substance abuse. Though required to submit to provide a sample for urinary analysis ("U.A.") upon request, J.C. only provided one U.A., which was positive for methamphetamine. J.C. otherwise failed to complete drug screens requested by the Children's Division, and his participation in substance abuse treatment was minimal unless incarcerated. J.C. took advantage of substance abuse treatment while incarcerated in the Missouri Department of Corrections in 2024. At the time of the bench trial, J.C. was living in a sober living facility. However, the evidence established that J.C. previously participated in a substance abuse program while serving a sentence for the

4

unlawful transport of firearms, but J.C. failed to maintain his sobriety after being released.

J.C.'s compliance with his social service plans has been minimal and inconsistent. Since May 2021, J.C. has not maintained safe and appropriate housing, as he has been homeless, living in homes without all utilities, living in homes in various stages of disrepair, staying at hotels, living in his car, or incarcerated. J.C. failed to maintain contact with the Children's Division and has generally failed to avail himself of offered services. In particular, J.C. only minimally participated in the therapy required, and J.C. failed to address his history of domestic abuse involving Mother. Instead, J.C. and Mother continued their relationship after Child came into care. Prior to March 2023, J.C. missed scheduled visitations with Child, was late to visits with Child, and often attended visits under the influence. Since March 2023, J.C. failed to participate in visitation with Child and failed to attempt any contact with Child, outside of one letter he wrote to Child.

The Judgment found that J.C. suffers from a chemical dependency which prevents him from consistently providing the necessary care, custody, and control of Child and which cannot be treated as to enable J.C. to consistently provide such care, custody, and control. The Judgment further found that Child has been abused and/or neglected by J.C. In particular, the Judgment found that J.C. has failed to provided Child with adequate food, clothing, and shelter, and failed to pay ordered child support totaling $55.00 per month despite being physically and financially able to do so. The Judgment found that additional services are not likely to bring about a lasting parental adjustment enabling a return of Child to J.C. within an ascertainable period of time.

5

The Judgment concluded that "termination of all parental rights of . . . [J.C.], in and to [Child] would be in the best interests of [Child] and statutory conditions exist for said termination of parental rights pursuant to [s]ection . . . 211.447.5(3), 211.447.5(2), and 211.447.5[(5)]."[5]

J.C. filed this timely appeal.

**Analysis**

J.C. raises a single point on appeal. He argues that the trial court abused its discretion in terminating his parental rights because the Judgment was not supported by substantial evidence that statutory conditions exist for termination of his parental rights in that there was not clear, cogent, and convincing evidence that "conditions that led to the assumption of jurisdiction would reoccur and that conditions of a potentially harmful nature continued to exist and that the child had been abused and neglected." [Appellant's Brief, p. 13]

We will affirm the trial court's Judgment "unless there is no substantial evidence to support it, it is against the weight of the evidence or erroneously declares or applies the law." *In re Q.A.H.*, 426 S.W.3d at 12. "The trial court's judgment will only be reversed if this Court is left with a firm conviction that the judgment is wrong." *Id.* "To terminate parental rights, the trial court must find clear, cogent and convincing evidence of at least one of the grounds of termination outlined in section 211.447." *Id.* After finding a

---

[5]As with the petition, the Judgment miscited to section 211.447.5(6) (which did not exist at the time the Judgment was entered) and should have cited to section 211.447.5(5). We have modified the Judgment to correct this scrivener's error pursuant to our authority to do so under Rule 84.14.

statutory basis for terminating parental rights, the trial court must determine whether termination is in the child's best interests. *Id.*

J.C.'s appeal is limited to challenging whether the evidence supported finding a statutory basis for terminating his parental rights. Specifically, J.C.'s point relied on challenges the trial court's finding that grounds to terminate his parental rights were established pursuant to section 211.447.5(2) and 211.447.5(3). However, the trial court found that the evidence supported termination of J.C.'s parental rights on three grounds: section 211.447.5(2) (addressing abuse or neglect); section 211.447.5(3) (addressing the failure to rectify harmful conditions); and section 211.447.5(5) (addressing a parent being unfit to be a party to the parent and child relationship). J.C.'s point on appeal has not challenged the trial court's finding that grounds to terminate his parental rights were established pursuant to section 211.447.5(5).

This conclusion is confirmed by our review of the argument portion of J.C.'s Brief, where J.C. purports to quote from the Judgment to refer to the statutory grounds for termination of his parental rights, but in doing so refers only to sections 211.447.5(2) and 211.447.5(3). [Appellant's Brief, pp. 15, 21] Moreover, in the argument portion of his brief, J.C. only addresses the extent to which the evidence supports the trial court's reliance on sections 211.447.5(2) and 211.447.5(3), to terminate his parental rights. J.C. advances no argument that the evidence failed to support the trial court's reliance on section 211.447.5(5) to terminate his parental rights.

"[I]f an appellant fails to challenge each of the . . . grounds [for termination of parental rights] found by the trial court, it is unnecessary for the appellate court to address

7

the specific ground[s] that [are] challenged." *In Interest of C.E.A.*, 646 S.W.3d 419, 429 (Mo. App. S.D. 2022) (quoting *In re T.R.W.*, 317 S.W.3d 167, 170 (Mo. App. S.D. 2010)). That is because in order to affirm a judgment terminating parental rights where the trial court finds multiple statutory grounds for termination have been established by the evidence, this Court need only find that one of the statutory bases was proven. *Id.* J.C.'s failure to challenge one of the statutory bases for terminating his parental rights expressly relied on by the trial court is thus fatal to his appeal. *See The Schumacher Grp., Ltd. v. Schumacher*, 474 S.W.3d 615, 624 n.11 (Mo. App. W.D. 2015) (holding that the failure to challenge an independent basis for a trial court's judgment is fatal to the appellant's appeal). While we do not address the merits of the trial court's finding of parental unfitness because J.C.'s brief does not challenge it, as explained in our fact statement, substantial evidence supported the trial court's findings that Child had been in foster care under the jurisdiction of the juvenile court for more than two years preceding the filing of the petition for termination of parental rights; and that J.C. had an extensive and continuing pattern of criminal behavior, significant substance abuse problems which appeared resistant to treatment, unstable housing, and had maintained only limited contact with Child. Those circumstances would be supportive of a finding of parental unfitness.

J.C. has not sustained his burden to establish that the trial court abused its discretion in terminating J.C.'s parental rights. We modify the Judgment pursuant to our authority to do so under Rule 84.14 to change the Judgment's reference to section

8

211.447.5(6) to instead be a reference to section 211.447.5(5), for the reasons herein explained.

## Conclusion

The trial court's Judgment as modified is affirmed.

_Cynthia L. Martin_
Cynthia L. Martin, Presiding Judge

All concur